UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN ARIEL SALGUERO Y SALGUERO, and JUAN MANUEL GARCIA-HERNANDEZ<br><br>Petitioner,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al*.,<br><br>Respondents. | Case No. 2:25-cv-02328-RFB-NJK<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

Pending before the Court is Petitioners Salguero y Salguero and Garcia-Hernandez's motion for preliminary injunctive relief (ECF No. 6), challenging the lawfulness of their detention at Henderson Detention Center and Nevada Southern Detention Center (NSDC), respectively, in the custody of the Federal Respondents. For the following reasons, the Court grants the Motion.

**I.    MOTION TO EXTEND**

First, the Court addresses Respondents' Motion to extend time to file a response. On November 24, 2025, this Court ordered Respondents to show cause, by November 28, 2025, why the Motion (ECF No. 6) for preliminary relief should not be granted, in accordance with 28 U.S.C. § 2243 (and accounting for the Thanksgiving holiday). ECF No. 3. On November 25, 2025, Respondents filed a Motion to extend time to file a response to the show cause order, requesting until December 5, 2025, to file, stating that they are still in the process of reviewing and gathering information and have other immigration-related deadlines. ECF No. 9. Petitioner filed an opposition to this request, providing several reasons why Respondents' filing failed to show good cause (in particular, highlighting that any administrative and financial burden is self-inflicted through the new government policy), emphasizing the fact that this is not a new matter for

Respondents, nor this Court, and detailing the specific prejudice that each Petitioner faces through continued, unlawful detention, *inter alia*. ECF No. 10.

The Court will consider Respondents' filing as it was filed prior to the issuance of this Order, and there is a strong preference for habeas cases to be resolved on the merits.

## II.    MOTION FOR PRELIMINARY INJUNCTION

The Court makes the following findings.

On November 17, 2025, an Immigration Judge (IJ) of the Las Vegas Immigration Court denied Petitioner Salguero bond on the basis of Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025) ("Hurtado"). This followed Petitioner's arrest by ICE officers in Nevada on October 16, 2025. DHS commenced removal proceedings against Petitioner upon detaining him; these proceedings are currently pending in the Las Vegas Immigration Court. Petitioner Salguero entered the United States without inspection in 2015, over a decade ago, and has since made Nevada his home. He is the father of a U.S. citizen child, who is five years old. The child and her mother rely on Petitioner for financial and emotional support, and his prolonged detention at the Henderson Detention Center has caused severe emotional and financial distress for the family.

Similarly, Petitioner Garcia-Hernandez entered the United States without inspection in 1999, over 26 years ago, and has resided in the United States continuously since. Petitioner was living in Pahrump, Nevada, the last several years, finding consistent work in the plumbing and mechanical trades. He has two U.S. citizen daughters, who were born in Las Vegas and have grown up with Petitioner as a constant presence and source of support. Letters from family, friends, and employers indicate the financial and emotional strain Petitioner's detention is causing his community. Petitioner's criminal history is limited to two misdemeanor driving convictions. He was arrested in October on a DUI allegation, for which no formal charges have been brought, transferred to ICE custody, and detained at NSDC ever since. On November 6, 2025, an IJ also denied bond in his custody redetermination hearing, citing a lack of jurisdiction under Hurtado.

The Court has previously found in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) that similarly situated petitioners who are long-term U.S. residents arrested in the interior and detained without the opportunity for release on

bond, were detained in violation of the INA and due process. 2025 WL 3205356, at *10-26 (D Nev. Nov. 17, 2025). The Court incorporates by reference and adopts those same legal conclusions and findings here.

As an initial matter, Respondents argue that Petitioners' claims are jurisdictionally barred. However, as this Court has previously found, the Court has habeas jurisdiction to review Petitioner's challenge to the lawfulness of his detention because the relevant jurisdiction stripping provisions of the INA, 8 U.S.C. § 1252 do not apply, foreclosing Respondents' argument. See Escobar Salgado, 2025 WL 3205356, at *8-10; Hernandez Duran v. Bernacke, 2:25-cv-2105-RFB-EJY, 2025 WL 3237451, at *4 (Nov. 19, 2025). The Court also fully incorporates by reference its prior finding that administrative exhaustion is excused as futile due to the BIA's decision in Hurtado and rejects Respondents' argument to the contrary. Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *5-6 (D. Nev. Nov. 24, 2025).

The Court finds that Petitioners have satisfied the Winter factors and are therefore entitled to a preliminary injunction ordering individualized bond hearing pursuant to 8 U.S.C. § 1226(a). Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (setting forth factors for preliminary injunction). To obtain a preliminary injunction, a plaintiff must establish four elements: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction. Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. at 22).

The Court finds Petitioners have established a likelihood of success on the merits of their statutory and due process challenges to continued detention for the same reasons set forth in Escobar Salgado regarding Petitioners Reyes-López and Mena-Vargas. First, in regard to the INA challenge, Respondents assert that § 1225(b)(2) applies to individuals like Petitioners and mandates their detention without a bond hearing. See, e.g., Escobar Salgado, 2025 WL 3205356, at *10. Petitioners argue this interpretation of the statutory scheme of §§ 1225 and 1226 is erroneous, and that they, as long-time residents arrested in the interior, are subject to § 1226(a). This Court agrees with Petitioners and incorporates by reference its holding and findings in

Escobar Salgado. 2025 WL 3205356, at *10-22.

Additionally, the Court finds Petitioners have established a likelihood of success on the merits of their procedural and substantive due process challenges to prolonged detention without an individualized bond hearing. The procedural due process factors under Mathews v. Eldridge weigh heavily in favor of Petitioners because (1) the private interest affected is the fundamental liberty interest in being free from imprisonment; (2) the risk of erroneous deprivation is extraordinarily high where ICE and DHS agency officials have sole, unguided, and unreviewable discretion to detain Petitioners without any individualized showing of why detention is warranted, nor any process for Petitioners to challenge the exercise of that discretion; (3) the Government's interest in enforcing immigration laws is served by an individualized determination by an immigration judge, based on a review of evidence presented by the government and the noncitizen, as to whether an individual is dangerous or at risk of fleeing removal proceedings, under existing, well-established procedures, *and* the government has no interest in the unjustified deprivation of a person's liberty. See Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention under 8 U.S.C. § 1226(a)). Finally, because Respondents have asserted no individualized justification—let alone a special or compelling justification—to continue to deprive Petitioners of physical liberty, this Court finds that Petitioners are currently detained in violation of their substantive due process rights. See Escobar Salgado, 2025 WL 3205356, at *25.

Additionally, it follows inexorably from the Court's determination that Petitioners will continue to be deprived of their physical liberty unconstitutionally in the absence of an injunction that Petitioners have met their burden to show immediate and irreparable harm. See Hernandez v. Sessions, 872 F.3d 976, 995 (9th Cir. 2017). Likewise, the minimal, if not nonexistent, burden on the government by adhering to an established bond hearing process, as compared to the preventable human suffering, *e.g.*, the financial and emotional burdens on Petitioners and their families/communities, in addition to the fundamental harm of arbitrary detention without meaningful due process, demonstrates that the balance of the equities and public interest tip sharply

in Petitioners' favor. Id. at 995-96 ("the public interest benefits from an injunction that ensures that individuals are not deprived of their liberty and held in immigration detention because of . . . likely unconstitutional process.").

Lastly, the Court, in its discretion under Federal Rule of Civil Procedure 65(c), finds that ordering Petitioners be afforded individualized bond hearings will not be costly for Respondents, and therefore declines to impose bond beyond the amount imposed in these proceedings. See Johnson v. Couturier, 572 F.3d 1067, 1086 (2009) (a "district court may dispense with the filing of a bond [under Rule 65(c)] when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.").

Based on the foregoing **IT IS HEREBY ORDERED** that Petitioners' Motion for a Preliminary Injunction is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondents must provide Petitioners with individualized bond hearings pursuant to 8 U.S.C. § 1226(a) no later than **December 16, 2025**.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from denying Petitioners release on bond on the basis that they are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Thus, in the event that bond is granted, the Court **ORDERS** that Respondents are **ENJOINED** from invoking the automatic stay to continue Petitioners' detention, as the Court has already found the automatic stay unconstitutional and adopts that finding here. Herrera v. Knight, No. 2:25-CV-01366-RFB-DJA, 2025 WL 2581792, at *13 (D. Nev. Sept. 5, 2025).

In the event that bond is granted, Respondents are **ORDERED** to immediately release Petitioners. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond, and therefore, the Court **FURTHER ORDERS** that Petitioners be afforded **45 days** from the date of release to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that if the individualized bond hearings are not conducted by **December 16, 2025**, Petitioners shall be immediately released until it is determined that detention is warranted under 8 U.S.C. § 1226(a).

///

///

**IT IS FURTHER ORDERED** that the parties shall file a status report on the status of Petitioners' bond hearings by **December 18, 2025**. The status report shall detail if and when the bond hearings occurred, if bond was granted or denied in each case, and if denied, the reasons for that denial.

A full written order on the Petition (ECF No. 1) will follow.

**DATED:** December 10, 2025.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE